UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re                                           :
                                                :   Chapter 11
                                                :
ELECTRICAL COMPONENTS                           :
INTERNATIONAL, INC.,                            :   Case No. 10-_____
                                                :
        Debtor.                                 :
                                                :
Employer Tax I.D. No. 20-4674361                :
------------------------------------------------------------x
------------------------------------------------------------x
In re                                           :
                                                :   Chapter 11
                                                :
FP-ECI HOLDINGS COMPANY,                        :
                                                :   Case No. 10-_____
                                                :
        Debtor.                                 :
                                                :
Employer Tax I.D. No. 20-4674246                :
------------------------------------------------------------x
------------------------------------------------------------x
In re                                           :
                                                :   Chapter 11
                                                :
ECM HOLDING COMPANY,                            :
                                                :   Case No. 10-_____
                                                :
        Debtor.                                 :
                                                :
Employer Tax I.D. No. 35-1937759                :
------------------------------------------------------------x
------------------------------------------------------------x
In re                                           :
                                                :   Chapter 11
                                                :
NOMA O.P., INC.,                                :
                                                :   Case No. 10-_____
                                                :
        Debtor.                                 :
                                                :
Employer Tax I.D. No. 51-0365495                :
------------------------------------------------------------x

## DEBTORS' MOTION PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Electrical Components International, Inc. ("**ECI**"), FP-ECI Holdings Company ("**Holdings**") and certain of their affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), submit this motion (the "**Motion**") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for an order authorizing the joint administration of the Debtors' chapter 11 cases. In support of the Motion, the Debtors submit the *Declaration of David J. Webster in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* (the "**Webster Declaration**") filed contemporaneously herewith, and respectfully represent as follows:

### Background

1. On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Prior to the Commencement Date, the Debtors solicited votes on the Joint Prepackaged Plan of Reorganization of Electrical Components International, Inc. *et al.* Under Chapter 11 of the Bankruptcy Code (the "**Prepackaged Plan**") through a disclosure statement distributed in accordance with sections 1125 and 1126(b) of the Bankruptcy Code (the "**Disclosure Statement**"). As discussed more fully below, the Prepackaged Plan has been

accepted by all the impaired classes entitled to vote in excess of the statutory thresholds specified in section 1126(c) of the Bankruptcy Code.

### ECI's Business

3. The Debtors and their wholly-owned non-Debtor subsidiaries (the "**Companies**") are leading designers, manufacturers and marketers of wire harnesses and providers of value-added assembly services to North American, European, and Asian "white goods" appliance manufacturers. The Companies also produce specialty wire harnesses for an expanding customer base in diverse markets including transportation; heating, ventilation and air conditioning ("**HVAC**"); construction and agriculture; vending and industrial. Wire harnesses are configurations of wires, cables, connectors, terminals and plugs that can be found in many electronic products, including home appliances; transportation vehicles, automotive components and HVAC systems; construction and agricultural equipment; and vending and industrial machines.

4. The Companies are suppliers to over 90 original equipment manufacturers in numerous end markets, including industry leaders Bosch, Chrysler, Case, Delphi, Electrolux, EZ GO, General Electric, General Motors, Haier, Mabe, Nissan, Whirlpool and Xerox. The Companies are the largest supplier of wire harnesses to the white goods appliance market in North America.

5. The Companies have a low-cost global footprint with eleven facilities strategically located in five countries. Approximately 98% of their 8,750 employees are located in low-cost regions, with six facilities in Mexico, two facilities in China and one facility in Poland. The Companies also have one facility in Canada and one in Germany, which serve those specific local customer bases. The Companies' manufacturing facilities are strategically located to take advantage of low-cost manufacturing environments and to better serve their customers.

6. As of the Commencement Date, the Debtors' outstanding indebtedness consisted of (i) approximately $261.4 million outstanding principal amount, plus all accrued and unpaid interest thereon, under the Amended and Restated First Lien Credit Agreement, dated as of September 23, 2008 (the "**First Lien Credit Agreement**"), secured by a first priority lien on substantially all of the Debtors' assets and (ii) $60.0 million outstanding principal amount, plus all accrued and unpaid interest thereon, under the Amended and Restated Second Lien Credit Agreement, dated as of September 23, 2008 (the "**Second Lien Credit Agreement**"), secured by a second priority lien on substantially all of the Debtors' assets. There is no established public trading market for the Debtors' capital stock. Francisco Partners, L.P. and certain of its affiliates own approximately 98% of the shares of each of the preferred stock and common stock of Holdings.

7. Holdings is the parent corporation of ECI and is a holding company. ECM Holding is a wholly-owned subsidiary of ECI and is the holding company for a number of international operating subsidiaries. Noma is a wholly-owned subsidiary of ECI that does not hold any operating assets, but is a contract party to certain royalty agreements and other intellectual property arrangements. All business operations are carried out by ECI and its non-Debtor subsidiaries. ECI's principal executive offices are located at 1 City Place Drive, Suite 450, St. Louis, Missouri 63141.

8. As of the Commencement Date, the Debtors had approximately 122 employees in the United States and the Debtors' and their non-debtor subsidiaries' unaudited consolidated financial statements reflected approximately $460,000,000 of net sales for the 12-month period ended December 31, 2009. As of January 31, 2010, the Debtors and their non-

debtor subsidiaries had total assets of approximately $363,646,000 and total liabilities of approximately $435,699,000.

### The Prepackaged Plan

9. As described in more detail in the Webster Declaration, prior to the Commencement Date, the Debtors engaged in negotiations over the terms of a financial restructuring with its core creditor and equity holder groups. These negotiations culminated in the agreement of (i) certain holders (the "**Consenting First Lien Lenders**") of more than 66 2/3% of the outstanding principal amount of indebtedness (the "**First Lien Lender Loans**") under First Lien Credit Agreement; (ii) UBS AG, Stamford Branch, solely in its capacity as Administrative Agent and Collateral Agent (the "**First Lien Agent**") under the First Lien Credit Agreement; (iii) certain holders (the "**Consenting Second Lien Lenders**") of more than 66 2/3% of the outstanding principal amount of indebtedness (the "**Second Lien Lender Loans**") under the Second Lien Credit Agreement; (iv) NexBank, SSB, solely in its capacity as Administrative Agent and Collateral Agent (the "**Second Lien Agent**"); (v) BlackRock Kelso Capital Corporation, Sankaty Credit Opportunities II, L.P., Sankaty Credit Opportunities III, L.P., Sankaty Credit Opportunities IV, L.P. and Sankaty Credit Opportunities (Offshore Master) IV, L.P. (collectively, the "**Equity Investors**"); and (vi) certain holders (the "**Consenting Equity Holders**" and, together with the Consenting First Lien Lenders, the Consenting Second Lien Lenders and the Equity Investors, the "**Consenting Parties**") of more than 98% of the aggregate outstanding shares of each class of capital stock of Holdings to enter into the Plan Support Agreement, dated as of February 12, 2010 (the "**Plan Support Agreement**") with the Debtors, pursuant to which the Consenting Parties agreed to vote in favor of the Prepackaged Plan provided that certain conditions and milestones were satisfied.

10. Concurrently with the execution of the Plan Support Agreement, (i) the Debtors, the Consenting First Lien Lenders and the First Lien Agent entered into the Forbearance Agreement, dated as of February 12, 2010, with respect to certain specified defaults and events of default under the First Lien Credit Agreement (the "**First Lien Forbearance Agreement**") and (ii) the Debtors, the Consenting Second Lien Lenders and the Second Lien Agent entered into the Forbearance Agreement, dated as of February 12, 2010, with respect to certain specified defaults and events of default under the Second Lien Credit Agreement (the "**Second Lien Forbearance Agreement**").

11. In addition, the Debtors, UBS Loan Finance LLC, UBS Securities LLC, General Electric Capital Corporation, GE Capital Markets, Inc. and the lenders party thereto (the "**DIP Lenders**") executed a DIP Facility Commitment Letter dated as of February 12, 2010 (the "**DIP Facility Commitment Letter**") pursuant to which the DIP Lenders committed to fund the debtor-in-possession facility of the Debtors in an aggregate principal amount up to $25,000,000 (the "**DIP Facility**").

12. The Plan Support Agreement also provided that (i) the Equity Investors committed to purchase (x) 22,500,000 shares of the equity of the Reorganized Debtors (the "**New Common Stock**") at $1.00 per share and (y) between 10,000,000 and 15,000,000 shares of New Common Stock at $1.00 per share for which the holders of First Lien Lender Loans exercised the Cash Election (as described below), and (ii) certain of the Consenting First Lien Lenders committed to fund the tranche A term loan facility in an aggregate principal amount of $32,500,000 (the "**Tranche A Term Loan Facility**").

13. In accordance with the terms of the Plan Support Agreement, on March 6, 2010, the Debtors commenced a solicitation of votes from all classes entitled to vote under the

Bankruptcy Code. The Prepackaged Plan has been accepted in excess of the statutory thresholds specified in sections 1126(c) and 1126(d) of the Bankruptcy Code by all of the impaired classed of claims against the Debtors.

14. Under the terms of the Prepackaged Plan, each holder of a claim pursuant to the First Lien Credit Agreement (a "**First Lien Lender Claim**") will be entitled to receive its *pro rata* share of: (i) 50,000,000 shares of New Common Stock unless such holder makes a Cash Election (as described below) and (ii) the tranche B term loans to be issued by certain of the Reorganized Debtors in the aggregate principal amount of $145,000,000. Pursuant to Section 4.2(b)(ii) of the Prepackaged Plan, each holder of the First Lien Lender Loans could elect to receive cash on account of all or a portion of its distribution of New Common Stock in an amount equal to $1.00 per share of New Common Stock (the "**Cash Election**"); provided, that such holders of First Lien Lender Loans could not elect to receive cash in an amount in excess of $15,000,000 in the aggregate. In connection with the solicitation of votes, the holders of First Lien Lender Loans made their Cash Election and have elected to receive $10,359,764 in cash for a portion of their shares of New Common Stock. As a result, the holders of the First Lien Lender Claims will receive an aggregate of 39,640,236 shares, or 54.68%, of New Common Stock. The Equity Investors will purchase the remaining shares and will receive an aggregate of 32,859,764 shares, or 45.32%, of New Common Stock (exclusive of shares of New Common Stock they will receive on account of their First Lien Lender Claims, if any).

15. In addition, the Prepackaged Plan provides that each holder of a claim pursuant to the Second Lien Credit Agreement (a "**Second Lien Lender Claim**") will be entitled to receive its *pro rata* share of $10,000,000 in cash.

16. The Prepackaged Plan also provides for the payment in full of (i) allowed administrative expense claims, (ii) federal, state, and local tax claims, (iii) other priority non-tax claims and (iv) claims related to the DIP Facility. Other secured claims are unimpaired under the Prepackaged Plan and holders of the other secured claims will either (i) be reinstated; (ii) receive cash in an amount equal to such allowed claims; or (iii) receive the collateral securing the other secured claim. Trade creditors and other holders of general unsecured claims against the Debtors are unimpaired under the Prepackaged Plan and will receive (i) if such claim is due and owing on the Effective Date, payment in full in cash (x) on the later of the Effective Date and the date such claim becomes allowed or (y) otherwise paid in accordance with the terms of the applicable agreement; (ii) if such claim is not due and owing on the Effective Date, payment in full in cash when and as such claim becomes due and owing in the ordinary course of business; or (iii) treatment that leaves unaltered such holder's legal, equitable, and contractual rights.

17. Under the Prepackaged Plan, each holder of preferred equity interests in Holdings will receive its *pro rata* share of the Rights (as defined in the Prepackaged Plan) to share in the equity value of the Reorganized Debtors if specified thresholds are achieved. Holders of common equity interests in Holdings will not receive a distribution.

18. The Prepackaged Plan contemplates a comprehensive financial restructuring of the Debtors' capital structure that will allow the Debtors to deleverage their balance sheet by reducing the amount of the Debtors' outstanding debt by approximately 50% through a short and consensual chapter 11 case. After distributions under the Prepackaged Plan, the Reorganized Debtors will emerge from chapter 11 with up to $45,000,000 in new cash from the Equity Investors and Exit Facility and be poised for future growth and stability.

## Jurisdiction and Venue

19. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

20. By this Motion, the Debtors request entry of an order substantially in the form attached hereto as Exhibit A (the "**Proposed Order**") authorizing the joint administration of the Debtors' chapter 11 cases. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code defines, in relevant part, the term "affiliate," as a

> corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

11 U.S.C. § 101(2)(B).

21. Holdings is a Delaware corporation that owns, either directly or indirectly, 100 percent of the capital stock of each of the other Debtors. The Debtors, therefore, are "affiliates" as defined under section 101(2) of the Bankruptcy Code, and joint administration of their estates under Bankruptcy Rule 1015(b) is appropriate. Accordingly, this Court is authorized to consolidate these cases for procedural purposes.

22. In addition, Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") provides, in relevant part, as follows:

> An order of joint administration may be entered ... upon the filing of a motion for joint administration ... supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

23. Pursuant to Rule 1015-1, the Debtors have filed the Webster Declaration which establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for this Court and the parties. Joint administration of these cases will eliminate the need to prepare, replicate, file and serve duplicative notices, applications and orders in each of the four (4) Debtor cases commenced on the date hereof, thereby saving the Debtors' estates substantial time and expense. Joint administration will also relieve the Court of entering duplicative orders and maintaining duplicative files and dockets, and, similarly, simplify supervision of the administrative aspects of these chapter 11 cases by the United States Trustee for the District of Delaware (the "**U.S. Trustee**").

24. Moreover, because the Motion requests only the administrative consolidation – and not the substantive consolidation – of these estates, joint administration will not adversely affect creditors' rights. In fact, the reduced costs that will result from the joint administration of these cases will benefit all parties in interest.

25. The Debtors request that the Clerk of the Court maintain one file and one docket for all of the Debtors' chapter 11 cases.

26. The Debtors further request that the Court modify the caption of their cases to reflect the joint administration of these chapter 11 cases, as follows:

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                                :
**In re**                                                       :    **Chapter 11**
                                                                :
**ELECTRICAL COMPONENTS**                                       :    Case No. _____ (___)
**INTERNATIONAL, INC., *et al.*,**[1]                           :
                                                                :
        Debtors.        :    **Jointly Administered**
                                                                :
---------------------------------------------------------------x

27. The Debtors also seek the Court's direction that a notation substantially similar to the following be entered on the docket in each of the Debtors' chapter 11 cases to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Electrical Components International, Inc.; FP-ECI Holdings Company; ECM Holding Company; and Noma O.P., Inc. The docket in **Case No. 10-_____ (___)** should be consulted for all matters affecting this case.

28. The joint administration of affiliated debtors' chapter 11 cases for procedural purposes has been permitted in other complex chapter 11 cases in this District. *See, e.g., In re NTK Holdings, Inc.*, Ch. 11 Case No. 09-13611 (KJC) (Bankr. D. Del. Oct. 23, 2009) [Docket No. 36]; *In re Magna Entm't Corp.*, Ch. 11 Case No. 09-10720 (MFW) (Bankr. D. Del. Mar. 6, 2009) [Docket No. 26]; *In re Aleris Int'l, Inc*, Ch. 11. Case No. 09-10478 (BLS) (Bankr. D. Del. Feb. 13, 2009) [Docket No. 34]; *In re Recycled Paper Greetings, Inc.*, Ch. 11 Case No. 09-10002 (KG) (Bankr. D. Del. Jan. 5, 2009) [Docket No. 38]; *In re Semcrude, L.P.*, Ch. 11 Case

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each debtor's federal tax identification number, are: Electrical Components International, Inc. (4361); FP-ECI Holdings Company (4246); ECM Holding Company (7759); Noma O.P., Inc. (5495). The address for each of the Debtors is 1 City Place Drive, Suite 450, St. Louis, Missouri, 63141.

No. 08-11525 (BLS) (Bankr. D. Del. July 23, 2008) [Docket No. 56]; *In re Landsource Comty. Dev. LLC,* Ch. 11 Case No. 08-11111 (KJC) (Bankr. D. Del. June 10, 2008) [Docket No. 27]

29. Based on the foregoing, the Debtors submit that the relief requested is necessary, appropriate, and in the best interests of their estates and creditors, and that the motion should be granted in all respects.

## Notice

30. No trustee, examiner or statutory creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion shall be provided to: (i) the U.S. Trustee; (ii) the Debtors' thirty (30) largest unsecured creditors (on a consolidated basis); (iii) counsel to the Postpetition Agent and counsel for the Prepetition First Lien Agent, Latham & Watkins, LLP (attn: David S. Heller, Esq. and Roger G. Schwartz, Esq.); (iv) counsel to the Prepetition Second Lien Agent, Goodwin Procter, LLP (attn: Emanuel Grillo, Esq.); (v) counsel to Sankaty Investors, Ropes & Gray, LLP (attn: Alyson Allen, Esq. and Anne H. Pak, Esq.); (vi) counsel to Francisco Partners, Shearman & Sterling, LLP (attn: Jill Frizzley, Esq. and Danielle Kalish, Esq.); and (vii) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## No Previous Request

31. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: March 30, 2010
Wilmington, Delaware

*/s/ Mark D. Collins*

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Chun I. Jang (No. 4790)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Stephen A. Youngman
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777

Proposed Attorneys for Debtors
and Debtors in Possession

# Exhibit A

# Proposed Order

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
In re                                                 :
                                                      :    Chapter 11
                                                      :
ELECTRICAL COMPONENTS                                 :
INTERNATIONAL, INC.,                                  :    Case No. 10-_____
                                                      :
              Debtor.                                 :
                                                      :
Employer Tax I.D. No. 20-4674361                      :
------------------------------------------------------x
------------------------------------------------------x
In re                                                 :
                                                      :    Chapter 11
                                                      :
FP-ECI HOLDINGS COMPANY,                              :
                                                      :    Case No. 10-_____
                                                      :
              Debtor.                                 :
                                                      :
Employer Tax I.D. No. 20-4674246                      :
------------------------------------------------------x
------------------------------------------------------x
In re                                                 :
                                                      :    Chapter 11
                                                      :
ECM HOLDING COMPANY,                                  :
                                                      :    Case No. 10-_____
                                                      :
              Debtor.                                 :
                                                      :
Employer Tax I.D. No. 35-1937759                      :
------------------------------------------------------x
------------------------------------------------------x
In re                                                 :
                                                      :    Chapter 11
                                                      :
NOMA O.P., INC.,                                      :
                                                      :    Case No. 10-_____
                                                      :
              Debtor.                                 :
                                                      :
Employer Tax I.D. No. 51-0365495                      :
------------------------------------------------------x
```

# ORDER PURSUANT TO RULE 1015(b) OF THE
# FEDERAL RULES OF BANKRUPTCY PROCEDURE
# DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "**Motion**"), dated March 30, 2010, of Electrical Components International, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to Rule 1015(b) of the Bankruptcy Rules,[1] directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, all as more fully described in the Motion; and upon consideration of the *Declaration of David J. Webster in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* (the "**Webster Declaration**"); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the hearing to consider the relief requested therein (the "**Hearing**") having been provided to: (i) the United States Trustee for the District of Delaware; (ii) the Debtors' thirty (30) largest unsecured creditors (on a consolidated basis); (iii) counsel to the Postpetition Agent and counsel for the Prepetition First Lien Agent, Latham & Watkins, LLP (attn: David S. Heller, Esq. and Roger G. Schwartz, Esq.); (iv) counsel to the Prepetition Second Lien Agent, Goodwin Procter, LLP (attn: Emanuel Grillo, Esq.); (v) counsel to Sankaty Investors, Ropes & Gray, LLP (attn: Alyson Allen, Esq. and Anne H. Pak, Esq.); (vi) counsel to Francisco Partners, Shearman & Sterling, LLP (attn: Jill Frizzley, Esq. and Danielle Kalish, Esq.); and (vii) those parties who have requested notice pursuant to Bankruptcy Rule

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2002 (collectively, the "**Notice Parties**"), and no further notice being necessary; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and upon all of the proceedings before the Court, the Court hereby ORDERS that:

1. The Motion is granted to the extent set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 10-_____ (____).

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases.

4. The caption of the jointly administered cases shall read as follows:

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

-----------------------------------------------------------------x
:
In re                                                            :    Chapter 11
                                                                 :
ELECTRICAL COMPONENTS                                            :    Case No. _____ (____)
INTERNATIONAL, INC., *et al.*,[1]                                :
                                                                 :
          Debtors.                                               :    Jointly Administered
                                                                 :
-----------------------------------------------------------------x

5. A docket entry shall be made in each of the above-captioned cases substantially as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each debtor's federal tax identification number, are: Electrical Components International, Inc. (4361); FP-ECI Holdings Company (4246); ECM Holding Company (7759); Noma O P , Inc. (5495). The address for each of the Debtors is 1 City Place Drive, Suite 450, St. Louis, Missouri, 63141.

An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Electrical Components International, Inc.; FP-ECI Holdings Company; ECM Holding Company; and Noma O.P., Inc. The docket in **Case No. 10-**_____ (\_\_\_\_) should be consulted for all matters affecting this case.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2010
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE